UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO GONZALEZ FIGEROA,<br><br>Petitioner,<br><br>v.<br><br>WARREN L. MONTGOMERY, et al.,<br><br>Respondents. | Case No.: 17-cv-2572-GPC (JLB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DISMISSING UNEXHAUSTED CLAIM** |

This Report and Recommendation is submitted to United States District Judge Gonzalo P. Curiel pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

**I.  BACKGROUND**

Petitioner Alberto Gonzalez Figeroa is a state prisoner proceeding *pro se* with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. His Petition indicates that although Petitioner has presented claims one through three to the California Supreme Court, he has not presented his fourth claim to that Court. (ECF No. 1 at 6-9.) Petitioner's fourth ground for relief is a claim that a juror whose nephew allegedly knew the victim should have been released from the jury. (*Id*. at 9.) The Petition indicates that this ground was not raised with the California Supreme Court and that there is not any petition or appeal now pending in any court, either state or federal, pertaining to this ground. (*Id*. at 9-10.)

Having preliminarily determined the Petition contains unexhausted claims, on January 10, 2018, the Court issued a Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies. (ECF No. 3.) The Notice required Petitioner to respond in one of four ways and notified Petitioner that if he failed to respond to the Notice by February 14, 2018 his Petition would be subject to dismissal. (*Id*. at 5.) Petitioner failed to respond by the deadline. On March 2, 2018, the Court issued a Second Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies ("Second Notice"). (ECF No. 4.) The Second Notice again required Petitioner to respond in one of the following four ways to the Court's notice of possible failure to exhaust: (1) file further papers with this Court to demonstrate that he has in fact exhausted claim four; (2) move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claim; (3) formally abandon his unexhausted claim four and proceed with his exhausted ones; or (4) file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim. (*Id*. at 2-6.) The Second Notice cautioned Petitioner that if "he abandons his unexhausted claim, he may lose the ability to ever raise it in federal court." (*Id*. at 4.)

On March 14, 2018, Petitioner filed a Reply to the Second Notice indicating that Petitioner elects to formally abandon his unexhausted fourth claim and proceed with his exhausted claims. (ECF No. 7 at 1.) Petitioner indicated that he is "aware of losing my ability to ever raise my unexhausted claim in federal court again." (*Id*.) On March 28, 2018, Defendants filed a Notice of Non-Opposition to Petitioner's Reply to the Second Notice. (ECF No. 10.)

## II. FAILURE TO EXHAUST

Generally, a habeas petition brought under 28 U.S.C. § 2254 may "not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). This exhaustion requirement exists as a matter of federal-state comity and assures the state courts of the "initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S.

270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)). To exhaust state judicial remedies, a federal habeas petitioner must present the highest state court available with a fair opportunity to rule on the merits of every issue raised in his federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, in California, petitioners are required to exhaust their habeas claims in a petition to the California Supreme Court. *See Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).

Over thirty years ago, the United States Supreme Court interpreted the exhaustion requirement to require district courts to dismiss federal habeas petitions that contained even one unexhausted claim. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, *Lundy* was decided at a time when there was no statute of limitations on filing federal habeas petitions, and petitioners could return to federal court after exhausting their unexhausted claims to "present their perfected petitions with relative ease." *Mena v. Long*, 813 F.3d 907, 909 (9th Cir. 2016) (quoting *Doe v. Jones*, 762 F.3d 1174, 1177 (10th Cir. 2014)). After the AEDPA established a one-year statute of limitations for federal habeas petitions, petitioners who brought unexhausted claims to federal court faced the possibility that they would have insufficient time to exhaust those claims in state court and then return to federal court. *Id.* The Supreme Court confronted this issue in *Rhines v. Weber*, where it held that under certain circumstances, district courts may stay mixed federal habeas petitions—those containing both exhausted and unexhausted claims—to allow petitioners to present their unexhausted claims to the state courts without losing their place in federal court. *Id.* (citing *Rhines*, 544 U.S. at 275–77).

Instead of requesting a stay of a mixed petition, a petitioner may elect to abandon his unexhausted claims and proceed with the exhausted claims. When a stay is not issued, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). *See also Rose*, 455 U.S. 509, 520 (1982) (noting that a petitioner "can always amend the

petition to delete the unexhausted claims, rather than returning to state court exhaust all of his claims"). However, "a prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent petitions." *Rose*, 455 U.S. at 521.

Here, Petitioner opted to formally abandon his fourth unexhausted claim and proceed with only the claims the Petition indicates have been exhausted. (ECF No. 7 at 1.) The Court finds that Petitioner should be able to pursue his facially unexhausted claims in this action by abandoning his unexhausted claim. Accordingly, the Court recommends Petitioner's fourth ground for relief be deemed abandoned and **DISMISSED**.

### III. CONCLUSION

For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that Petitioner's fourth unexhausted claim be deemed abandoned and **DISMISSED**.

**IT IS HEREBY ORDERED** that no later than **April 27, 2018**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **May 11, 2018**. The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, F.2d 1153, 1156 (9th Cir. 1991).

Dated: March 30, 2018

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge